**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WENDY WHITEHURST, | : | |
| Individually and as Administratrix | : | |
| to the Estate of Eleanor P. Ford | : | |
| and MICHAEL FORD | : | C.A. No.: K25C-06-014 JJC |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CADIA HEALTHCARE, LLC and | : | |
| CAPITOL NURSING AND | : | |
| REHABILITATION CENTER, LLC | : | |
| d/b/a Cadia Healthcare Capitol | : | |
| Dover, | : | |
| | : | |
| Defendants. | : | |

Submitted: September 2, 2025
Decided:　September 15, 2025

## ORDER

Defendants Cadia Healthcare, LLC and Capitol Nursing and Rehabilitation Center, LLC (hereinafter, "Defendants") move for an *in camera* review of an affidavit of merit pursuant to 18 *Del. C.* § 6853(d). Plaintiffs Wendy Whitehurst, individually and as administratrix to the Estate of Eleanor P. Ford (hereinafter, "Decedent"), and Michael Ford (together with Whitehurst, "Plaintiffs") assert medical negligence claims against the Defendants. The Plaintiffs allege that Defendants are vicariously liable for the negligent actions of their employees which caused the Decedent's death. More specifically, they allege that Defendants and their employees were on notice of Decedent's heightened risk of developing sacral

pressure ulcers while under their care, and that the Defendants and their employees breached the applicable standard of care when they failed to prevent them.

Delaware law requires plaintiffs is a medical negligence suit to file an accompanying affidavit of merit that addresses each defendant. The purpose of the requirement is prophylactic and is designed to limit frivolous medical negligence claims.[1] To that end, the affidavit must be signed by an expert witness, recite certain statutory requirements, and include an expert's *curriculum vitae* as an attachment.[2] In general, if the affidavit tracks the language provided in the statute, it complies.[3] The statute requires the affiant to recite, *inter alia*, that the expert has "reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."[4] Although Defendants assert in their motion that the affidavit must "state[] all of its opinions with a reasonable degree of medical probability,"[5] the statute does not impose that standard.[6] Rather, the statute's requirements are "purposefully minimal."[7]

Following *in camera* review of the affidavit, the Court finds:

(1) The expert signed the affidavit;

(2) The expert attached a *curriculum vitae*;

(3) The expert is currently licensed to practice medicine;

(4) The expert is Board certified in internal medicine;

(5) The expert has been engaged in the treatment of patients in the same or similar field as Cadia Healthcare, LLC and Capitol Nursing and

---

[1] *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011).
[2] 18 *Del. C.* § 6853(a)(1).
[3] *Flamer v. Nanticoke Mem'l Hosp.*, 2020 WL 113911, at *1 (Del. Super. Jan 9, 2020) (citing *Dishmon*, 32 A.3d at 342).
[4] 18 *Del. C.* § 6853(a)(1).
[5] Mot. for *In Camera* Review of the Aff. of Merit at ¶ 3.
[6] *See Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *2 (Del. Super. Apr. 22, 2009) (holding that § 6853 does not require the expert's opinion to be based on a "reasonable degree of medical probability").
[7] *Dishmon*, 32 A.3d at 342.

Rehabilitation Center, LLC for the three years preceding the allegedly negligent conduct. Namely, the affidavit and his or her *curriculum vitae* recite that the expert has practiced internal medicine since 1983; and

(6) The expert recites that, to a reasonable degree of medical probability, Cadia Healthcare LLC and Capitol Nursing and Rehabilitation Center, LLC, by and through their employees, breached the applicable standard of care as it related to Decedent's medical treatment of bed sores and pressure ulcers in a manner that directly and proximately caused her injuries and death.

Accordingly, the affidavit of merit complies with the statutory requirements provided in 18 *Del. C.* §§ 6853(a)(1) and (c). It is **COMPLIANT** as to both Defendants.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*

3